IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW S. EDMONSON                                                                 PLAINTIFF

        v.                  Civil No. 05-6043

CLARK COUNTY DEPUTY
CHRIS HARPER; and TROY
TUCKER, SHERIFF, CLARK
COUNTY, ARKANSAS                                       DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Matthew S. Edmonson brings this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis.*

On August 17, 2005, separate defendant Troy Tucker filed a motion to dismiss (Doc. 11). On September 9, 2005, an order was entered directing the plaintiff to complete, sign, and return an attached questionnaire that would serve as his response to the motion to dismiss (Doc. 14). Plaintiff's response was filed on October 6, 2005 (Doc. 15).

### **BACKGROUND**

On May 2, 2005, Edmonson alleges that Chris Harper, a law enforcement officer, used excessive force against Edmonson during the course of an arrest. Edmonson indicates the arrest occurred at the Wal-Mart Super Center in Arkadelphia, Arkansas. *Resp.* (Doc. 15) at ¶ 1.

Following his arrest, Edmonson was taken to the Clark County Detention Center (CCDC). *Resp.* at ¶ 2. Edmonson asserts he had bruises across his shoulders and neck and a

-1-

knot on his left shoulder from the force used by Harper during the arrest. *Id.* at ¶ 3. As a result of the injuries, Edmonson states he had difficulty moving his head for about a week. *Id.*

Edmonson requested medical treatment. However, he states Jackie Newburn, who is over the jail, refused him treatment. *Resp.* at ¶ 3.

Edmonson names as defendants Harper and the Clark County Sheriff, Troy Tucker. Tucker was not present when the arrest occurred. *Resp.* at ¶ 1. Tucker did not use physical force against Edmonson. *Id.* at ¶ 4. Tucker was not personally involved in determining whether Edmonson should be taken to the hospital or a medical facility. *Id.* at ¶ 5. Edmonson had no conversations with Tucker, either in person or over the telephone. *Id.* at ¶ 6.

Edmonson was asked to explain how he believed Tucker violated his federal constitutional rights. He responded:

> Troy Tucker is Chris Harper['[]s senior officer. This is why I put him on here. These charges are against Chris Harper. I feel he should be punished for his actions. Troy Tucker was nothing but <u>good</u> to me while I was in Clark County['[]s custody.

*Resp.* at ¶ 8.

In the motion to dismiss, Sheriff Tucker asserts that Harper was not working for Clark County on the day Edmonson was arrested. In the answer filed by Harper, he also denied that he was at the time of the incident a deputy with the Clark County Sheriff's Department. (Doc. 13 at ¶ 4). Edmonson asserts Harper works both for the Arkadelphia City Police and the Clark County Sheriff's Department. *Resp.* at ¶ 7.

AO72A
(Rev. 8/82)

## DISCUSSION

Tucker's motion to dismiss was filed after he filed his answer. However, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may be made by a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). We will therefore treat the motion as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See, Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(c) motion is reviewed "under the standard that governs 12(b)(6) motions." *Id.* We therefore "assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Id.* (internal quotation marks and citation omitted).

Edmonson does not allege that Sheriff Tucker personally violated Edmonson's constitutional rights. A claim of deprivation of a constitutional right cannot be based on a respondeat superior theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In other words, Sheriff Tucker cannot be held liable merely because he supervises the offending officer.

There is no allegation that Sheriff Tucker was involved in any way in the actions taken by Harper. Further, Edmonson has not alleged that the CCDC operated pursuant to a policy or custom that violated his constitutional rights. Thus, Edmonson's claim against Sheriff Tucker is subject to dismissal.

AO72A
(Rev. 8/82)

## CONCLUSION

I therefore recommend that the motion to dismiss be granted and all claims against Sheriff Troy Tucker be dismissed. We note, however, that the case will proceed against Chris Harper.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of October 2005.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)